**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

| | |
|---|---|
| IN RE:<br><br>    ROBERT N. RUSTICI AND<br>    ARLENE P. RUSTICI,<br><br>                        DEBTORS | CHAPTER 13<br><br>CASE NO. 19-22279 (RDD) |

-------------------------------------------------------------------X

ROBERT N. RUSTICI AND
ARLENE P. RUSTICI,

                        ADV. PRO. NO. 19- (RDD)

       PLAINTIFFS

  -AGAINST-

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER
PARTICIPATION TRUST BY CALIBER HOME LOANS, INC.,
AS ITS ATTORNEY IN FACT,

       DEFENDANT
-------------------------------------------------------------------X

## COMPLAINT

The debtors and/or plaintiffs, Robert N. Rustici and Arlene P. Rustici, (the "Debtors and/or Plaintiffs"), by and through their attorneys Cushner & Associates, P.C. hereby files this complaint against the Defendant U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust by Caliber Home Loans, Inc., as its attorney-in-fact (the "Defendant") allege as follows:

## JURISDICTION & VENUE

1.    This Adversary Proceeding arises in a case under Title 11 of the United States Code. Jurisdiction over this Adversary Proceeding is conferred upon this Court by 28 U.S.C. §§ 157(a) and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Adversary Proceeding is a core proceeding arising Rules 7001(2) and 7001(9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Plaintiffs' commenced this Adversary Proceeding pursuant to CPLR 213(4) and Article 15 of the Real Actions and Proceedings Law of the State of New York to compel the determination of claims to the real property hereinafter described and set forth. Specifically, that the statute of limitations has expired as to the note and mortgage encumbering Plaintiff's property.

**PARTIES**

4. Plaintiffs, Robert N. Rustici and Arlene P. Rustici own the real property located at 93 Lincoln Avenue, Yonkers, New York 10704, designated on the Tax Map of the County of Westchester as Section: 5, Block: 5211, Lot: 12.104 (the "Yonkers Property") that is the subject of this action. (Annexed hereto as **Exhibit "A"** is a copy of the legal description of the Yonkers Property).

5. U.S. Bank Trust, N.A. is the Trustee for LSF11 Master Participation Trust ("U.S. Bank").

6. LSF11 Master Participation Trust ("LSF11") is a Delaware Statutory Trust filed on October 26, 2018 and the holder of the mortgage encumbering Plaintiffs' Property.

7. Caliber Home Loans, Inc. ("Caliber") is the servicer and attorney-in-fact for LSF11.

**STATEMENT OF THE CASE**

8. Plaintiffs are the owners of the Yonkers Property.

9. On April 9, 2003, Plaintiffs Robert N. Rustici and Arlene P. Rustici acquired title to the Yonkers Property by deed (the "Deed") recorded in the Westchester County Clerk's Office

on May 27, 2003 at Control No. 431360151. (Annexed hereto as **Exhibit "B"** is a copy of the Deed).

10. Plaintiffs are the original obligors of the note dated, December 26, 2003, payable to Flagstar Bank, FSB, a Federally Chartered Savings Bank ("Flagstar") in the original principal amount of $260,000.00 (the "Note") secured by a mortgage dated December 26, 2003, (the "Mortgage") between the Plaintiffs and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Flagstar, recorded on May 17, 2004 in the Westchester County Clerk's Office at Control Number 441101395.

11. Thereafter, the Note and Mortgage were assigned by MERS as nominee for Flagstar to Chase Home Finance LLC ("Chase Home") pursuant to an assignment of mortgage, dated January 1, 2008 and recorded on June 17, 2008 in the Westchester County Clerk's Office at Control Number 481300631 (the "2008 Assignment").

12. Thereafter, JPMorgan Chase Bank, N.A S/B/M to Chase Home Finance, LLC assigned and transferred the Note and Mortgage to Federal National Mortgage Association ("Fannie Mae") pursuant to an assignment of mortgage dated September 21, 2015 and recorded on November 5, 2015 in the Westchester County Clerk's Office at Control Number 552663269 (the "2015 Assignment"). (Annexed hereto as **Exhibit "C"** is a copy of the Note, Mortgage and all recorded Assignments).

13. On or about November 21, 2018, the Note and Mortgage were transferred and sold to LSF11 Master Participation Trust and U.S. Bank became the Trustee of the Trust.

14. Upon information and belief, Caliber Home Loans, Inc. is the servicer for LSF11. (Annexed hereto as **Exhibit "D"** is a copy of the Notice of Sale of Ownership of Mortgage Loan).

15. On March 23, 2009, (the "Acceleration Date") Chase Home Finance LLC, accelerated the entire balance owed under the subject Loan, due and payable immediately in full, by and through its filing of a notice of pendency and summons and complaint; thus commencing a foreclosure action against the Plaintiffs Arlene Rustici and Robert Rustici, in the Supreme Court of the State of New York, County of Westchester, bearing Index No. 5513/2009 (the "2009 Foreclosure") in order to foreclose on the Mortgage to Plaintiff's Property. (Annexed hereto as **Exhibit "E"** is a copy of the 2009 Foreclosure Complaint).

16. On November 2, 2009, the Plaintiffs filed a voluntary petition under chapter 7 of the United States Bankruptcy Court, Case No. 09-24056 (RDD). (Annexed hereto as **Exhibit "F"** is a copy of the first page of the Plaintiffs' petition).

17. At the time of the filing of the Plaintiffs' chapter 7 case, the statute of limitations under NY CPLR § 213(4) had run from March 23, 2009 to November 1, 2009 for a total of two-hundred twenty-three (223) days.

18. On March 16, 2010, the Plaintiffs received their chapter 7 discharge. (Annexed hereto as **Exhibit "G"** is a copy of the Discharge Order).

19. On May 1, 2011, an Order of Final Decree, dated April 29, 2011 was entered on the Court's docket and the Plaintiff's chapter 7 case was closed. (Annexed hereto as **Exhibit "H"** is a copy of the Order of Final Decree).

20. Pursuant to 11 U.S.C. § 362(a)(4), the statute of limitations was tolled from November 2, 2009 until April 29, 2011 for a total of five hundred forty-three (543) days.

21. On April 30, 2011, the statute of limitations under NY CPLR § 213(4) resumed.

22. On September 16, 2016, (the "SOL Expiration Date") the statute of limitations under NY CPLR § 213(4) expired.

23. On or about May 2, 2016, Defendants filed a Motion for Summary Judgment and an Order of Reference in the 2009 Foreclosure.

24. On September 26, 2016, the Hon. Linda S. Jamieson, J.S.C. entered an Order Dismissing the 2009 Foreclosure, dated September 19, 2016. (Annexed hereto as **Exhibit "I"** is a copy of the Order Dismissing the 2009 Foreclosure).

25. On September 4, 2018, an Affirmation Canceling Notice of Pendency for the 2009 Foreclosure Action, dated August 24, 2018 was entered in the Westchester County Clerk's Office. (Annexed hereto as **Exhibit "J"** is a copy of the Affirmation Canceling Notice of Pendency).

26. Thereafter, on February 22, 2019, the Plaintiffs filed a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code, Case No. 19-22279 (RDD), (the "<u>Petition Date</u>") and an order of relief was duly entered at ECF No. 1.

27. Plaintiffs now bring this complaint to quiet title and for declaratory relief as said Mortgage currently clouds the title to the Yonkers Property.

28. RPAPL section 1501 provides that:

> In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price…The interest had by any mortgagee or contract vendee of real property or by any successor in interest of either of them, is an 'interest in real property' as that phrase is used in this article of the real property actions and proceedings law.

29. In this action to quiet title, Plaintiffs seek a declaration that the Note and Mortgage, the 2008 Assignment, the 2015 Assignment and any and all other alleged assignment of mortgages subsequently executed and purportedly encumbering the Yonkers Property are void and/or voidable.

5

30. Plaintiffs seek the entry of an order voiding the interest in title allegedly affected by the Mortgage and voiding any and all Assignments of Mortgage.

31. Plaintiffs seek a declaratory judgment that the Defendant named herein does not have an interest in the Yonkers Property as fully described herein.

32. Plaintiffs bring this action pursuant to Real Property Actions and Proceeding Article 15 to quiet title and to determine the parties' claims to the Yonkers Property.

33. Plaintiffs acquired a fee simple absolute title to the Yonkers Property by way of a deed.

34. Any estate or interest which Defendant may have possessed or now claim to possess in the Yonkers Property, or in any part thereof, and any and all liens or encumbrances thereon which may have existed or have been claimed to exist in favor of Defendant is null and void, and of no force and effect as against the estate and interest of the Plaintiff in and to the Yonkers Property.

35. Plaintiffs have no knowledge of, or reason to believe, that the judgment prayed for in this action will affect any person or persons not in being, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved. Every person in being who may have been entitled to such an estate or interest if such an advent had happened.

**AS AND FOR A FIRST CAUSE OF ACTION**

36. The Plaintiffs repeat, reiterates and re-alleges paragraphs 1 through 35 with the same force and effect as if fully set forth at length herein.

37. Section 213(4) of NY Civil Practice Law and Rules provides: "Actions to be commenced within six years: . . . (4) an action upon a bond or note, the payment of which is

secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein." CPLR § 213(4) (McKinney's 2015).

38. It is uncontroverted that on March 23, 2009 Chase Home Finance LLC accelerated the entire balance owed under the subject Note and Mortgage, due and payable immediately in full, by and through its filing of a notice of pendency and summons and complaint.

39. Acceleration of the Note and Mortgage has been neither rescinded nor revoked.

40. The six-year statute of limitations expired on or about September 16, 2016.

41. Plaintiffs have not made any payments towards the Loan since on or about October 2008; more than ten (10) years.

42. The statute of limitations began to run on March 23, 2009; and therefore, would have expired on March 23, 2015.

43. Pursuant to 11 U.S.C. § 362(a)(4), the statute of limitations was tolled from November 2, 2009 until April 29, 2011 for a total of five hundred forty-three (543) days.

44. After accounting for the bankruptcy stay and tolling of the statute of limitations, the statute of limitations expired on September 16, 2016.

45. At no time during prior to the expiration of the statute of limitations on September 16, 2016 did the Defendant revoke and/or rescind acceleration of the Note or Mortgage.

46. Plaintiffs hereby seek to have the Mortgage declared null, void and legally unenforceable and removed as a cloud upon the Yonkers Property.

47. The Plaintiffs are entitled to a judgment to secure the cancellation and discharge of record of the Mortgage, and to a declaration adjudging the estate of the Plaintiffs in the Yonkers Property to be free from any encumbrance relating to the Mortgage.

## AS AND FOR A SECOND CAUSE OF ACTION

48. The Plaintiffs repeat, reiterates and re-alleges paragraphs 1 through 47 with the same force and effect as if fully set forth at length herein.

49. As set forth above the Note was accelerated no later than March 23, 2009, the filing date of the summons and complaint in the 2009 Foreclosure.

50. The statute of limitations began to run on March 23, 2009; and therefore, would have expired on March 23, 2015.

51. Pursuant to 11 U.S.C. § 362(a)(4), the statute of limitations was tolled from November 2, 2009 until April 29, 2011 for a total of five hundred forty-three (543) days.

52. After accounting for the bankruptcy stay and tolling of the statute of limitations, the statute of limitations expired on September 16, 2016.

53. At no time during prior to the expiration of the statute of limitations on September 16, 2016 did the Defendant revoke and/or rescind acceleration of the Note or Mortgage.

54. The Plaintiffs are entitled to a declaration discharging their obligations under the Note on the grounds that the statute of limitations has expired.

**WHEREFORE**, Plaintiff respectfully requests, pursuant to RPAPL Article 15, N.Y. CPLR § 213(4), and Bankruptcy Rules 7001(2) and 7001(9), that this Court enter an order:

a. Barring the Defendant from all claims to an estate, interest, lien or encumbrance of any sort, in the Yonkers Property described herein in accordance with Real Property and Proceedings Law Article 15 or, in the alternative;

b. A declaratory judgment that the Note and Mortgage are a legal nullity and as a result the Mortgage is unenforceable;

c. A declaratory judgment that the Defendant does not hold a valid lien on the Yonkers Property;

    d. A declaratory judgment that the 2008 Assignment, 2015 Assignment and any other subsequent assignments of the Mortgage were of no effect, are unenforceable and have clouded the Plaintiffs' title;

    e. A declaratory judgment that, under N.Y. CPLR § 213(4), the Statute of Limitations has run and the debt on the Mortgage and the Note is unenforceable and that the Defendant and every person claiming under them, be forever barred from all claims to an estate or interest in the Yonkers Property;

    f. That the Westchester County Clerk's Office is directed to cancel, discharge and expunge the Mortgage and assignments and any records of mortgage and assignments from the public record;

    g. Declaring that Plaintiffs are vested with absolute title in fee simple to the Property, free and clear of the binds and mortgages mentioned; and

    h. For such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
       March 1, 2019

                        Respectfully submitted,

              By:   */s/ James J. Rufo*
                    James J. Rufo, Esq.
                    Todd S. Cushner, Esq.
                    Cushner & Associates, P.C.
                    399 Knollwood Road, Suite 205
                    White Plains, New York 10603
                    (914) 600-5502 / (914) 600-5544
                    jrufo@cushnerlegal.com